IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

2018 FEB 26 A 10: 16

JEROLD D. BROWN, #240830, 1238834    *

    Plaintiff,    *

v.    *    Case No.: GJH-17-3189

OFC SCHRLAU, *et al.*,    *

    Defendants.    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Plaintiff Jerold D. Brown, a self-represented litigant incarcerated at the Jessup Correctional Institution in Westover, Maryland ("JCI"), has filed a civil rights Complaint alleging that Salisbury Police Officer Schrlau used excessive force in detaining him. ECF No. 1. Specifically, he alleges that on February 24, 2017, in response to a request by Schrlau to produce his identification card, he attempted to run away from Schrlau. *Id.* at 5.[1] Brown alleges that he was tackled by another Officer, and that Schrlau "grabbed [Brown's] hair and [] deployed a knee strike to my ribs." *Id.* Brown names Officer Schrlau and the Salisbury Police Department as Defendants, and seeks money damages and payment of current and future medical expenses. *Id.* at 7. Defendants have filed a Motion to Dismiss, ECF No. 7, which Brown opposed on February 15, 2018.[2] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016).

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system. The Court notes that Petitioner's Response to Respondent's Answer appears to be missing what he has labeled as page 4 and page 8.

[2] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on January 5, 2018, Brown was notified that Defendants had filed a dispositive motion, that Brown had seventeen days in which to file written opposition to the motion, and that if Brown failed to respond, summary judgment could be entered against him without further notice. ECF No. 8.

## I. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do.")).

The purpose of Rule 12(b)(6) "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted). When deciding a motion to dismiss under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations and internal quotation marks omitted). The Court need not, however, accept unsupported legal allegations, *see Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## II. DISCUSSION

### A. Claim Against the Salisbury Police Department

Title 42 U.S.C. § 1983 authorizes a plaintiff to bring a suit for damages against any individual whom "under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." Brown sues the Salisbury Police Department, a municipal government agency, under 42 U.S.C. § 1983, and must prove two elements to succeed in this claim. First, he must establish the existence of a constitutional violation on the part of the police officer. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (jury's finding that a police officer inflicted no constitutional injury on the plaintiff removed any basis for municipal liability against city and members of police commission); *Temkin v. Frederick Cty. Comm'rs*, 945 F.2d 716, 724 (4th Cir. 1991) (§ 1983 claim of inadequate training or supervision cannot be established without a finding of a constitutional violation on the part of the person being supervised); *see also Dawson v. Prince George's Cty.*, 896 F. Supp. 537, 540 (D. Md. 1995). Second, he must show that any constitutional violations were proximately caused by a policy, custom, or practice of the municipality. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691, 694 (1978). Municipal policy arises from written ordinances, regulations, and statements of policy, *id.* at 690; decisions by municipal policymakers, *Pembaur v. Cincinnati*, 475 U.S. 469, 482–83 (1986); and omissions by policymakers that show a "deliberate indifference" to the rights of citizens. *See Canton v. Harris*, 489 U.S. 378, 388 (1989). Brown's Complaint focuses solely on the actions of Officer Schrlau, and he has failed to allege that his injuries were caused in any way by policies of the Salisbury

3

Police Department. As such, the Court dismisses Brown's claims against the Salisbury Police Department.

### B. Claim Against Officer Schrlau

While Brown's claim against the Police Department fails, his claim against Officer Schrlau may state a cognizable constitutional claim of excessive use of force by an arresting officer. The Court, however, stays his claim pending his state criminal proceeding.

Where a civil plaintiff brings a § 1983 action while there is a pending criminal proceeding against him in state court, federal courts must apply the *Younger* doctrine. *Traverso v. Penn*, 874 F. 2d 209, 212 (4th Cir. 1989). The abstention doctrine articulated in *Younger v. Harris*, 401 U.S. 37 (1971), "requires a federal court to abstain from 'interfering in state proceedings, even if jurisdiction exists, if there is: (1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding, that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit.'" *Laurel Sand & Gravel v. Wilson*, 519 F. 3d 156, 165 (4th Cir. 2008) (citations omitted). "*Younger* is not merely a principle of abstention; rather the case sets forth a mandatory rule of equitable restraint, requiring the dismissal of a federal action." *Williams v. Lubin*, 516 F. Supp. 2d 535, 539 (D. Md. 2007) (quoting *Nivens v. Gilchrist*, 444 F.3d 237, 247 (4th Cir. 2006)) (internal quotations omitted).

Here, there is clearly an ongoing state judicial proceeding; Brown is charged in the Circuit Court for Wicomico County with, among other charges, resisting arrest in connection with the underlying crime. *See Maryland v. Brown*, No. C-22-CR-17-000213 (Wico. Co. Cir. Ct.). A jury trial is scheduled for April 10, 2018. *Id.* The proceeding clearly implicates a

4

substantial state interest, as it involves the state's police power. *See, e.g., Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987) (in applying *Younger* doctrine, noting important interest that states have "in the enforcement of its criminal laws"). Finally, the concerns raised by Brown (that Officer Schrlau used excessive force in detaining him) are inherently implicated in Brown's state trial which includes, among other charges, a charge for resisting arrest; a defendant may raise the lawfulness or excessive nature of an officer's use of force as a defense to a charge of resisting arrest. *See, e.g., Riddick v. Lott*, 202 Fed. App'x 615 at 616 (4th Cir. 2006) ("a successful § 1983 suit [for use of excessive force by a police officer] would necessarily imply invalidity of that conviction [for resisting arrest], since a person cannot be found guilty of resisting arrest if he is simply protecting himself, reasonably, against an officer's unprovoked attack or use of excessive force"). As such, the Court stays Brown's § 1983 claim against Officer Schrlau, pending his state criminal proceeding. *See Traverso*, 874 F.2d at 212 (courts must abstain "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action").

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 7, is granted-in-part and denied-in-part. A separate Order shall be entered in accordance with this Memorandum Opinion.

Dated: February 23, 2018

GEORGE J. HAZEL
United States District Judge

5